# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

                    Plaintiff,

v.                                                  Case No. 09-CR-90-JPS

ZANDREL L. BERRY,

                    Defendant.                      **ORDER**

## 1.    INTRODUCTION

On May 26, 2020, Defendant Zandrel L. Berry ("Defendant") filed a motion for compassionate release, (Docket #22), to which the Government replied. (Docket #23). Initially, the Government opposed Defendant's motion because it believed that Defendant had failed to exhaust his administrative remedies. (*See id.*) The Court referred this matter to Federal Defender Services of Wisconsin, Inc. ("FDS") for review and invited FDS to file a supplement on Defendant's behalf. (Docket #25).

On July 3, 2020, FDS filed a supplemental motion for compassionate release, and, pointed out that on June 9, 2020, Defendant filed a petition with the warden. (Docket #30 and #30-1). On July 9, 2020, the Government replied and informed the Court that because Defendant had exhausted his remedies as of July 9, 2020, it no longer opposes Defendant's motion. (Docket #34). For the reasons discussed herein, the Court finds that Defendant meets the requirements for compassionate release.

## 2.    RELEVANT FACTS

On April 7, 2009, Defendant was charged with being a felon in possession of a firearm as an armed career criminal. (Docket #30 at 2).

Defendant was considered an armed career criminal because, over thirteen years ago, he was convicted of selling cocaine on multiple occasions. *See* (Docket #12 at 2; Docket #30 at 2). Defendant pled guilty to violating 18 U.S.C. § 922(g)(1) and § 924(e)(1) and was sentenced to a term of 180 months (15 years) in prison and four years of supervised release thereafter. (Docket #17). Defendant has served eleven years of his sentence and, according to the Bureau of Prisons ("BOP") webpage, is scheduled to be released as of August 14, 2022. (Docket #30 at 3).

Defendant seeks compassionate release because he suffers from the following medical conditions: Type II diabetes, kidney disease, obesity, and hypertension. According to the Centers for Disease Control and Prevention ("CDC"), COVID-19 poses significant health risks to those with such conditions. Studies reflect that each additional comorbidity can increase the risk of severe illness from COVID-19.

Although the transmission of the virus can be prevented or delayed by taking certain precautions like frequent sanitizing and social distancing, it is very difficult to carry out such practices at FCI Milan (where Defendant is located). As of July 2, 2020, 93 inmates and 53 staff members at FCI Milan have tested positive for COVID-19. Defendant describes an "open dormitory" style living situation with around 140 other inmates. He explains that he must share property such as telephones, toilets, showers, etc., with approximately 60 other inmates. Needless to say, Defendant's current living conditions at FCI Milan heighten his risk of contracting COVID-19.

3.    **LEGAL STANDARD**

Under 18 U.S.C. § 3582(c)(1)(A)(i), the Court can modify a term of imprisonment, after the defendant has exhausted his administrative rights,

if "extraordinary and compelling reasons warrant such a reduction." Commentary to the sentencing guidelines explains that "extraordinary and compelling reasons exist" when "the defendant is suffering from a serious physical or mental condition [] that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii).

Prior to modifying a term of imprisonment, the Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A). Pursuant to § 3553(a), when determining the sentence to be imposed, the Court shall consider, among other things: the nature of the offense; the defendant's history and characteristics; and the need for the sentence to (1) reflect the seriousness of the offense, (2) afford adequate deterrence, (3) protect the public, and (4) provide the defendant with effective training, care, and/or treatment. 18 U.S.C. § 3553(a).

4.     **ANALYSIS**

Defendant states, and the Government acknowledges, that he has exhausted his administrative remedies. Thus, Defendant satisfies the first requirement for compassionate release.

Further, courts have recognized that an inmate's medical conditions, in conjunction with both the living situations and COVID-19 outbreaks at prisons, constitute "extraordinary and compelling reasons" for an inmate-defendant's compassionate release. *See United States v. Perez*, 17 Cr. 513-3 (AT), 2020 WL 1546422, at *4 (S.D.N.Y. Apr. 16, 2020) (finding that extraordinary and compelling reasons existed for compassionate release where inmate-defendant was unable to provide self-care due to his physical condition and being confined to a small cell where "social distancing [was]

impossible . . . ."); *United States v. Somerville*, 2:12-CR-225-NR, 2020 WL 2781585, at \*1, \*9 (W.D. Penn. May 29, 2020) (granting release of inmate-defendant because his obesity, hypertension, and asthma "coupled with a showing of [a] sufficiently non-speculative risk of infection" at a prison with an "open, dorm-like shared space" where social distancing was "impossible"); *United States v. Brooks*, Case No. 07-cr-20047-JES-DGB, 2020 WL 2509107, at \*6 (C.D. Ill. May 15, 2020) (determining that the defendant, who suffered from morbid obesity, severe and chronic asthma, and high blood pressure, and was recovering from recent surgery at an institution with a serious COVID-19 outbreak, had demonstrated extraordinary and compelling reasons for release).

The government has also acknowledged that Type II diabetes, which Defendant suffers from, puts inmates at increased risk of COVID-19. *See United States v. Hernandez*, Case No. 04-cr-171 (E.D. Wis.), (Docket #109 at 1–2) ("Consistent with the Department of Justice's litigating position in compassionate-release motions during the COVID-19 pandemic, the government concedes that Hernandez's type II diabetes diagnosis is sufficient to satisfy the 'extraordinary and compelling standard . . . .'"). Because (1) Defendant has multiple comorbidities, such as Type II diabetes, hypertension, obesity, and kidney disease; (2) there is a current COVID-19 outbreak at FCI Milan, a facility which is not conducive to social distancing; and (3) if affected, Defendant would unlikely be able to provide self-care or potentially recover from COVID-19, the Court finds Defendant has established extraordinary and compelling reasons in support of his release.

Lastly, the Court's analysis of the factors outlined in 18 U.S.C. § 3553(a) supports imposing a sentence of time served in this instance. Defendant has already served over eleven years of his fifteen-year sentence,

which was for a non-violent offense. While in prison, Defendant has taken steps to better himself by participating in Alcoholics Anonymous/Narcotics Anonymous for nine years. At a different institution, Defendant worked for the "Inmate Companion Program," providing assistance to terminally ill inmates. He has been described as determined and reliable, and has had minimal disciplinary issues while incarcerated. The Court also finds it telling that the Government does not oppose Defendant's compassionate release. Therefore, the Court determines that a sentence of time served and four years of supervised release[1] is fair, just, and reasonable.

Accordingly,

**IT IS ORDERED** that Defendant's motions for compassionate release (Docket #22, #30) be and the same are hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant Zandrel L. Berry's term of imprisonment is reduced to "time served";

**IT IS FURTHER ORDERED** that Defendant's motion to seal (Docket #31) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that the Bureau of Prisons take all steps necessary to immediately release Defendant Zandrel L. Berry from incarceration pursuant to the amended judgment, which follows.

Dated at Milwaukee, Wisconsin, this 15th day of July, 2020.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

---

[1]In its forthcoming judgment, the Court updates Defendant's original conditions of supervised release, *see* (Docket #17), to comport with current Seventh Circuit case law.

Case 2:09-cr-00090-JPS   Filed 07/15/20   Page 5 of 5   Document 36